IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY TAYLOR, JR., #242 152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-700-ALB |
| | ) | [WO] |
| WEXFORD, INCORPORATED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Pending before the court is Plaintiff's request for a preliminary injunction, as renewed. Docs. 19, 40. He alleges a failure by medical staff at Staton to provide him with medication and a failure to be seen in response to his sick call requests. He seeks to enjoin medical personnel from delaying or denying prompt and adequate medical care to for his serious medical needs. As directed, counsel for Defendant Wexford Health Sources, Inc. ["Wexford"], filed a response to Plaintiff's request for issuance of a preliminary injunction. Doc. 33. Upon consideration of the motion for preliminary injunction, the court recommends the motion under Rule 65, *Federal Rules of Civil Procedure*, be denied.

**II. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial

likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (holding a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (explaining that granting a preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (observing that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having

thoroughly reviewed the request for a preliminary injunction, Defendant Wexford's response, and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden.

### III. DISCUSSION

To support their response to Plaintiff's request for preliminary injunctive relief, the medical defendants submitted the affidavit of Nurse Rhonda Thomas and relevant excerpts from Plaintiff's medical records. Wexford argues Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim for inadequate medical care. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir. 2000) (*citing Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994),

*overruled on other grounds by, Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003).

Assuming, *arguendo*, Plaintiff suffers from a serious medical condition(s), the evidence submitted by Wexford reflects he has received medical treatment for his medical issues and concerns. In her affidavit, Nurse Thomas testifies Plaintiff's medical needs have neither been denied nor delayed by medical staff at Staton, and that he is seen frequently by medical staff when he submits completed sick call requests. Regarding Plaintiff's eardrum concerns, Nurse Thomas states his medical records show he was evaluated by medical personnel for this issue on October 9, 14, 16, & 19, 2019, and November 5, 2019. And Nurse Thomas categorically denies as untrue Plaintiff's assertion he has not received his prescribed medication. She states Plaintiff's medication administration records show he has been provided and has received his prescribed medication as reflected by the Medication Administration Records ["MARs"] submitted to support Wexford's response. Nurse Sanders affirms that Plaintiff's requests for medical treatment have not been delayed, ignored, or denied nor have any medical providers interfered with Plaintiff's ability to receive necessary medical care or medication. Doc. 33-1; Doc. 33-2 at 1–43.

After reviewing the affidavit and medical records submitted in response to Plaintiff's request for preliminary injunctive relief, the court cannot say Plaintiff has shown a substantial likelihood of success on the merits. Plaintiff's relevant medical records show medical personnel routinely examine him, evaluate his medical complaints and conditions, administer prescribed medication, and respond in accordance with their evaluations to his various concerns and requests for medical care and treatment. There is no evidence anyone on Staton's medical staff or anyone

4

else has prevented or delayed Plaintiff from receiving necessary medication, medical care, or medical treatment nor any evidence that anyone on Staton's medical staff or anyone else denied Plaintiff necessary medication, medical care, or medical treatment.

The court finds no evidence in the record which reflects indifference by medical personnel at Staton to Plaintiff's health conditions or concerns. To the extent there exists a difference in medical opinion on the provision of medical care, a difference in medical opinion will seldom rise to the level of a constitutional violation and based on the records filed does not do so here. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (holding that whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment.").

Having found Plaintiff has failed to satisfy the first requirement for a preliminary injunction, the court need not consider the other factors. *See Church*, 30 F.3d at 1342; *Siegel*, 234 F.3d at 1176. Preliminary injunctive relief is not warranted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction, as renewed, (Docs. 19, 40) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before February 18, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal

conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of February 2020.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE