IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY TAYLOR, JR.,    ) | |
|     ) | |
|     Plaintiff,    ) | |
|     ) | CIVIL ACTION NO. |
|     v.    ) | 2:19cv700-MHT |
|     ) | (WO) |
| WEXFORD HEALTH SOURCES,    ) | |
| et al.,    ) | |
|     ) | |
|     Defendants.    ) | |

## OPINION

Pursuant to 42 U.S.C. § 1983, the plaintiff, a state inmate, filed this lawsuit contending that the defendants have been deliberately indifferent to his medical needs. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the defendants' motions for summary judgment be granted as to the plaintiff's federal claims, and that the court decline to exercise jurisdiction over any state claims he may be raising. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes

that the magistrate judge's recommendation should be adopted with some exceptions explained below, that summary judgment should be granted as to the federal claims, and that the court should decline to exercise jurisdiction over the state-law claims.

The court adopts the recommendation except to the extent that it makes conclusive findings as to the timeliness, reasonableness, and/or adequacy of the medical care provided to the plaintiff, or that the defendants were not deliberately indifferent. *See, e.g.,* Report and Recommendation (Doc. 72) at 26 ("The record demonstrates medical personnel at Staton responded to Plaintiff's complaints and provided medical care for Plaintiff consistent with his medical history. Their responses to Plaintiff's condition, as attested to by Defendants Thomas and Anthony and uncontroverted by Plaintiff, *were reasonable and appropriate*.") (emphasis added)). On a motion for summary judgment, the question the court must answer is

2

whether there is a "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Thus, the court need not decide whether the defendants actually provided adequate care or acted with deliberate indifference--instead it must find whether the evidence in the record is sufficient for a reasonable jury to find in the plaintiff's favor on those issues.  Here, the plaintiff clearly has failed to submit sufficient evidence to establish the elements of his deliberate-indifference claim, and there is no need to go beyond that and find that the defendants were completely in the right.

Moreover, while the correctional medical defendants did provide significant health care for some of the plaintiff's medical issues, the evidence is far from clear that the treatment the plaintiff received was *always* reasonable and appropriate.  For example, the record contains evidence that the plaintiff was

3

supposed to return to the free-world surgeon who performed his hernia operation for a follow-up appointment in late May of 2019, but it appears he was not taken back for that appointment and continued to experience pain in the treated area, which likely made follow-up all the more important. Clearly, the plaintiff is reliant on the medical staff and correctional officials to arrange for transportation to such an appointment, and the failure to arrange for such transportation is unexplained. Additionally, the evidence does not conclusively establish that the correctional medical defendants' seemingly minimal response to the 5'4", almost 60-year-old plaintiff's unexplained weight loss of around 32 pounds in less than a year was adequate. And the court is not able to determine the appropriateness of the correctional medical provider's decision not to provide the plaintiff with a colonoscopy, despite his age and history of over six months of abdominal pain. Although

4

one of the defendants attests that the plaintiff's complaint of not getting a screening colonoscopy is "unfounded as inmates do not have age-related screenings colonoscopies," apparently referring to a Wexford Health Sources policy, Report and Recommendation (Doc. 72) at 24 (quoting Supplemental Affidavit of Rhonda Thomas, BC-FNP (Doc. 32-1) at 4-5), the existence of such a policy, on its own, does not establish that the decision to withhold a screening colonoscopy was appropriate for the plaintiff.  For these reasons and others, the court declines to sign on to the parts of the opinion that could be interpreted as making affirmative findings that the correctional medical defendants' efforts were appropriate, reasonable, and/or timely or that the defendants were not deliberately indifferent.*

---

\* The court also specifically declines to adopt the following statement, which quotes an unpublished decision's interpretation of the law: "The law is settled that '[s]elf serving statements by a plaintiff do not create a question of fact in the face of

5

An appropriate judgment will be entered.

DONE, this the 21st day of July, 2022.

                                        /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE

---

contradictory, contemporaneously created medical records,' and they do not do so here." Report and Recommendation (Doc. 72) at 27 (quoting *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010) (citing *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990)).

6